# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

SENECA MAURICE BOGAN                                                                PLAINTIFF
ADC #107143

V.                               No. 4:22-CV-00178-LPR-JTR

DEXTER PAYNE                                                                        DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Rudofsky may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

On February 22, 2022, Plaintiff Seneca Maurice Bogan ("Bogan"), a prisoner in the Grimes Unit of the Arkansas Division of Correction ("ADC"), filed a *pro se* § 1983 Complaint alleging that he "was held without water" from December 18, 2021 through January 4, 2022, and therefore "was unable to flush feces in [his] toilet

which caused [him] to [experience] vomiting, headaches, and loss of appetite." *Doc. 2 at 4*. Further, Bogan alleges he "was also unable to shower or drink water [during] periods of these times." *Id.*

Bogan named ADC Director Dexter Payne ("Payne"), in his "official capacity only," as the sole Defendant. *Id. at 1-2*. Bogan's requested relief against Payne is $10,000 in damages. *Id. at 5*.

On May 2, 2022, the Court entered a screening Order[1] which noted several deficiencies in Bogan's Complaint, and gave him 30 days to file an Amended Complaint correcting those deficiencies. *Doc. 4*. This Order provided Boan with specific guidance on the missing allegations that he should consider adding to his Amended Complaint:

> (1) the *name* of each Defendant who *personally participated* in violating his constitutional rights; (2) *how* each Defendant *personally participated* in violating his constitutional rights, including dates, times, and places where those violations occurred; (3) *how often* Bogan was given water to *drink* during the December 18, 2021 to January 4, 2022 time period; (4) *how often* Bogan was allowed to *shower* during the December 18, 2021 to January 4, 2022 time period; (5) *how often* Bogan was given water to *flush* his toilet during the December 18, 2021 to January 4, 2022 time period; (6) *why* Bogan was without water in his cell (for example, was there a water line or other plumbing issue preventing the cell from getting the necessary water, was Bogan placed in a "dry cell" for security reason, or was water being intentionally withheld for other reasons); (7) how Bogan was *physically* harmed by

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b).

the alleged constitutional violations; (8) a clear and express statement regarding whether he is suing Defendants in their official capacity, their individual capacity, or both capacities; and (9) if he is suing Defendants in their "official capacity," his legal basis for doing so.

*Doc. 2 at 3-4*.

Importantly, this Order cautioned Bogan that if he elected not to file an Amended Complaint, the Court would proceed to screen his Complaint, which would likely result in this action being "*dismissed, without prejudice, for failing to state a claim for relief.*" *Id.* at 3-4 (emphasis in original).

Bogan has not filed an Amended Complaint and the time to do so has expired. Thus, the Court will proceed with screening his Complaint (*Doc. 2*).

## II. Discussion

To survive screening under § 1915A, a prisoner's "complaint must contain sufficient *factual matter*, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added); *see also* Fed. R. Civ. P. 8(d) (allegations must be "simple, concise, and direct"). "[L]abels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Iqbal,* 556 U.S. at 678. Finally, a plaintiff must plead facts showing how *each defendant* was *personally involved* in the alleged constitutional wrongdoing. *Id.* at 676.

Here, Bogan has not made any factual allegations demonstrating that Payne—the only named Defendant—was *personally involved* in the alleged constitutional violations. Because Payne cannot be held vicariously liable, in a § 1983 action, for constitutional violations committed by his subordinates, Bogan's allegations against Payne fail, as a matter of law. *See Parrish v. Ball,* 594 F.3d 993, 1001 (8th Cir. 2010); *Keeper v. King.,* 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general responsibility for supervising the operations of a prison in insufficient to establish the personal involvement required to support [§ 1983] liability").

Finally, the only relief Bogan seeks on his "official capacity" claim against Payne is monetary damages of $10,000. *Doc. 2 at 5*. The doctrine of sovereign immunity precludes Bogan from obtaining monetary damages against Payne, who he has sued only in his official capacity. *Zajrael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2012) (a suit against a state employee in his or her official capacity "is the functional equivalent of a suit against the State"); *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997) (damages claims against state officials acting in their official capacities are barred "either by the Eleventh Amendment or because in these capacities they are not 'persons' for § 1983 purposes").

Accordingly, because Bogan has failed to state a viable § 1983 claim against Payne, his Complaint should be dismissed, without prejudice.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT Bogan's Complaint be DISMISSED, WITHOUT PREJUDICE.

DATED this 28th day of June, 2022.

_____
UNITED STATES MAGISTRATE JUDGE